Gilbert M. Gerber and Dahlia Gerber, His Wife, Appellants, *v.* Louis S. Frankel and Dorothy Frankel, His Wife, and the City of Pittsburgh, Appellees.

Argued May 9, 1974, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Samuel P. Kamin,* for appellants.

*D. R. Pellegrini,* Assistant City Solicitor, with him *Ralph Lynch, Jr.,* City Solicitor, for appellee, City of Pittsburgh.

No appearance for appellees, Frankel.

OPINION BY JUDGE ROGERS, June 10, 1974:

Gilbert M. Gerber and Dahlia Gerber, his wife, the owners of a property located in an R-1 zoning district of the City of Pittsburgh, here appeal from an order of the Court of Common Pleas of Allegheny County affirming, after receiving evidence, the grant by the City's Board of Adjustment of a variance to Louis S. Frankel to erect a swimming pool in the latter's rear yard, one end of which would be located seven feet from the Gerbers' property line and 15 feet from their dwelling house.

Mr. Frankel's house and lot is one of a number of single family dwellings on a residential street. The lot is 40 feet wide and 135 feet deep and the two and one-half story dwelling house is so located as to provide a rear yard 49 feet deep and, of course, 40 feet wide. The proposed swimming pool would measure 32 feet by 16 feet.

The city zoning regulations for the R-1 district require that rear yards be 30 feet in depth and, for interior lots with dwelling houses exceeding one and one-half stories, that five foot side yards be provided. It is thus apparent that Mr. Frankel can, in full compliance with the zoning regulations, construct a pool in his rear yard positioned sideways, 30 feet long and as much as 19 feet wide—a pool larger in area than the one proposed.

When asked by a representative of the city planning commission present at the hearing if he could reduce the size of the proposed pool and move closer to his own dwelling house, Mr. Frankel answered: "The pool we are putting in is not a concrete pool, it is a liner, plastic liner, it is a set pattern and cannot be changed, it is prefabricated. We cannot make it any smaller. If it was concrete, we could, but it would be too expensive to go into that." It is too clear for further discussion that Mr. Frankel's problem was with the prefabricated swimming pool industry not the City's zoning regulations as applied to his property.

Order reversed.